IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LITTLE LAGOON PRESERVATION SOCIETY, INC.,** *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **CIVIL ACTION 06-0587-WS-C** |
| **UNITED STATES ARMY CORPS OF ENGINEERS,** | ) ) ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the Motion to Intervene as Defendant (doc. 20) filed by nonparty / putative intervenor, The Erie Hall Meyer Charitable Fund, Inc. (the "Meyer Charitable Fund").

On March 7, 2007, the undersigned entered an Order (doc. 24) providing that any party opposing the Motion to Intervene must file a response on or before March 20, 2007. To date, no party has objected or in any way expressed opposition to the Motion to Intervene; therefore, the Court assumes that the Motion is unopposed.

Review of the Motion and accompanying Affidavit (doc. 21) and Memorandum of Law (doc. 22) plainly reveals that the Meyer Charitable Fund is situated in a manner that satisfies the legal standards for intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. In particular, the Amended Complaint reflects that plaintiffs brought this action against the U.S. Army Corps of Engineers (the "Corps") to challenge the Corps' decision to issue a permit authorizing certain construction work to be done in connection with a residential real estate development project known as "Laguna Cove" and located in Gulf Shores, Alabama. Meyer Charitable Fund's evidence establishes that it is the owner of the real property on which the Laguna Cove project is to be constructed and it is the developer of the Laguna Cove project for which the work has been authorized. (Niemeyer Aff., ¶ 4.) Further, the permit in question

was issued to, and is held by, the Meyer Charitable Fund.  (*Id.*, ¶¶ 2-4.)  The putative intervenor has also presented evidence that the Meyer Charitable Fund has expended substantial funds in pursuit of the Laguna Cove development, and that interference with or delay of that project (as might occur if plaintiffs' challenge to the legality of the permit's issuance is successful) would cause the Meyer Charitable Fund to incur significant direct damages.  (*Id.*, ¶ 5.)

The law is clear that a party is entitled to intervene as of right pursuant to Rule 24(a)(2), Fed.R.Civ.P., if it shows "that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest."  *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (citation omitted).  The Court readily finds that these criteria are satisfied here.  The outcome of plaintiffs' challenge to the Corps' permitting decision would unquestionably have a significant practical effect on the Meyer Charitable Fund's legally protectable interests in the permit and its development plans for Laguna Cove.  *See State of Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1258 (11th Cir. 2002) ("where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply the practical disadvantage which warrants intervention as of right") (citation omitted).  Moreover, the Corps is not identically situated to the Meyer Charitable Fund, and there is ample reason to believe that the Corps cannot and will not adequately defend the Meyer Charitable Fund's interests given the disparities between those respective entities' interests.  *See id.*, 302 F.3d at 1259 ("We do not believe that a federal defendant with a primary interest in the management of a resource has interests identical to those of an entity with economic interests in the use of that resource.").

In light of the foregoing determinations, the timely nature of the Motion to Intervene, and the absence of any objection to the requested intervention by any existing litigant to these proceedings, the undersigned is of the opinion that the Meyer Charitable Fund's Motion to Intervene as Defendant (doc. 20) is due to be, and the same hereby is, **granted** pursuant to Rule 24(a), Fed.R.Civ.P.  The Clerk's Office is directed to add The Erie Hall Meyer Charitable Fund, Inc., as a party defendant in this action, and The Erie Hall Meyer Charitable Fund should participate on equal footing with the other parties in preparing the Rule 26 Meeting Report which is due on or before April 16, 2007.

DONE and ORDERED this 29th day of March, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE